09-2940-ag
Ye v. Holder

BIA
Hom, IJ
A076 505 791

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30ᵗʰ day of August, two thousand ten.

PRESENT:
> DENNIS JACOBS,
> > *Chief Judge,*
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> > *Circuit Judges.*

_____

WEI YE,
> *Petitioner,*

> v.                                          09-2940-ag
>                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Richard Tarzia,
                       Belle Mead, New Jersey.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Richard M. Evans, Assistant
                       Director; Sharon M. Clay, Trial
                       Attorney, Office of Immigration
                       Litigation, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Wei Ye, a native and citizen of the People's Republic of China, seeks review of a June 12, 2009, order of the BIA, affirming the August 27, 2007, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Wei Ye*, No. A076 505 791 (B.I.A. June 12, 2009), *aff'g* No. A076 505 791 (Immig. Ct. N.Y. City Aug. 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history.

In the circumstances of this case, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007).

## I. Falun Gong

The agency did not err in finding that Ye failed to meet his burden of establishing his eligibility for relief because he did not provide reasonably available corroboration of his claims.  *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 568 (2d Cir. 2006)*, Diallo v. INS*, 232 F.3d 279, 290 (2d Cir. 2000);.  Ye does not challenge the agency's dispositive finding that he failed to adequately corroborate his Falun Gong claim, but instead argues that the agency failed to consider the U.S. Department of State's Country Report on Human Rights Practices in China for 2006.  The agency did not explicitly indicate that it had analyzed the information in the record concerning the treatment of Falun Gong practitioners in China: However, because the agency's decision was based on the lack of corroboration of Ye's assertion that he practiced Falun Gong, rather than the treatment of Falun Gong practitioners in general, his argument is inapposite.

## II. Family Planning

Ye argues that he suffered past persecution because his wife's forced abortion prevented him from "being allowed to

enjoy the basic human right of procreating with his wife." However, an alien is not *per se* eligible for relief based on a spouse's forced abortion. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309 (2d Cir. 2007). Moreover, contrary to Ye's contention that the agency failed to consider his fear of persecution under China's family planning policy based on his wife's pregnancy, the BIA reasonably found that Ye "failed to provide reasonably available corroboration to support his claim . . . that he would face persecution based on China's coercive population control policies." *See Kyaw Zwar Tun*, 445 F.3d at 568; *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 161 (2d Cir. 2008).

Because Ye's withholding of removal claim was predicated on the same basis as his asylum claim, the agency's reasonable finding that he had not met his burden of proof with respect to asylum was a sufficient basis to deny both forms of relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

4

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk